UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 7: 06-029-DCR-5 |
| | ) | |
| V. | ) | |
| | ) | |
| TERRY BRANHAM, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Terry Branham, who is serving a 151-month term of imprisonment, has filed a *pro se* motion requesting a reduction of his sentence under Amendment 782 to the United States Sentencing Guidelines and 18 U.S.C. § 3582(c)(2).[1]  [Record No. 809]  The issue presented is whether a sentence reduction would be warranted in light of the facts of the case and relevant factors to be considered under 18 U.S.C. § 3553.  In addressing this issue, the Court considers, *inter alia*, the seriousness of the crime, the personal history and characteristics of the defendant, the defendant's acceptance of responsibility and cooperation, specific and general deterrence, and the need to protect the public from potential, future crimes by Branham.  When these and other sentencing factors are considered, the Court concludes that a reduced sentence is not warranted.  The motion, therefore, will be denied.

---

1     The Court denied Branham's earlier motion for appointment of counsel.  [Record No. 799] Further, this matter need not be scheduled for hearing to resolve the defendant's motion.  There is no constitutional right to counsel or to a hearing in proceedings filed under 18 U.S.C. § 3582(c)(2).  *United States v. Whitebird*, 55 F.3d 1007 (5th Cir. 1995); *United States v. Townsend*, 98 F.3d 510 (9th Cir. 1996); *United States v. Webb*, 565 F.3d 789 (11th Cir. 2009); and *United States v. Legree*, 205 F.3d 724 (4th Cir. 2000), *cert. denied*, 531 U.S. 1080 (2001).

On December 21, 2007, a jury found Branham guilty of: conspiring to distribute more than 500, but less than 5 kilograms of cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B) (Count 1); eleven counts of distributing cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Counts 2–10, 21, 22); and eight counts of using a communication facility to commit a felony in violation of 21 U.S.C. §§ 843(b), (d)(1), and 18 U.S.C. § 2 (Counts 11, 13, 15–20).  [See Record No. 580]  The jury found that Branham was not guilty of Count 14 of the Superseding Indictment, which charged him with using a communication facility to commit a felony in violation of 21 U.S.C. §§ 843(b), (d)(1), and 18 U.S.C. § 2.

As outlined in his Presentence Investigation Report, Branham's Base Offense Level was determined to be 28.  [Record No. 582]  Under U.S.S.G. § 2D1.1(b)(1), Branham received a two-level increase for possessing two loaded firearms at his residence, where he also stored approximately $7,500 in currency obtained through his drug trafficking activities. [Record Nos. 582, p. 27; 721, p. 47–49]  Next, Branham's guideline calculation was increased by 2 levels under U.S.S.G. § 3B1.1 due to his leadership role in the conspiracy. [Record Nos. 582, p. 27; 721, p. 49]  Thus, Branham's Total Offense Level was calculated to be 32.  Branham did not have any criminal history points assessed, which placed him in criminal history category I for purposes of calculating his guideline range of imprisonment. [Record No. 582, p. 28]  Thus, Branham's resulting non-binding guideline range was 121 to 151 months.  [Record No. 582, p. 34]  The Court determined that 151 months of imprisonment would be sufficient, but not greater than necessary, to satisfy the statutory goals outlined in 18 U.S.C. § 3553(a).

After again reviewing the relevant § 3553 factors and Branham's post-sentencing conduct, the Court (again) concludes that a term of incarceration of 151 months, but no less, is necessary and appropriate under the circumstances. Branham, his wife, his father, and several other individuals were involved in this cocaine distribution conspiracy. While Branham attempted to minimize the role of others involved (particularly his wife), it was clear that five or more individuals were involved in this substantial and extensive conspiracy. [Record No. 721, p. 50] Branham directed that his wife listen to the police scanner and report any police activity in the area to him. [Record No. 721, pp. 49, 53] She also relayed phone calls to Branham and, on at least one occasion, accepted drug proceeds and counted the proceeds as he had instructed. As further discussed during the sentencing hearing, the facts established that Branham was an organizer, leader, or supervisor of criminal activity involving five or more participants under U.S.S.G. § 3B1.1(a). [Record No. 721, p. 50] The Court also found that this was an "otherwise extensive" drug operation. [*Id.*] As a result, a four-level role enhancement under § 3B1.1(a) was supported by the evidence. But because Branham was not given notice prior to the sentencing hearing that the Court was considering an additional enhancement based on the number of individuals involved or the extensive nature of the activity, a four-level enhancement was not included in the final guideline calculation. [*Id.*] However, these facts were weighed at the sentencing hearing as part of the relevant factors under § 3553, and are again considered in evaluating Branham's motion for a reduction of his sentence.

In support of his motion, Branham has provided his "inmate development plan," and copies of his program certificates. [Record No. 809-1] Branham notes that he has not had any incident reports since his incarceration began in 2007. [Record Nos. 809, 809-1] To his

benefit, Branham has availed himself of the opportunities available during his incarceration. While commendable, this post-sentencing conduct is not sufficient to warrant a reduced sentence in light of the other relevant § 3553 factors.

Branham did not have a criminal history prior to this offense, which also weighs in favor of a reduction of his sentence. [Record No. 721, pp. 55–56, 59] However, Branham was not only involved, but an organizer and leader in a large drug trafficking conspiracy. Thus, while he did not have prior criminal history, his role in the enterprise negates any positive consideration regarding this factor. The Court also concludes that a reduced sentence would unduly diminish the seriousness of Branham's crime. [Record No. 721, pp. 64–69] Considering the size of the community in which this crime occurred and the extensive nature of the drug activity, there is an increased need to provide general deterrence to others who may be contemplating similar activities. In short, lowering Branham's sentence would fail to provide specific or general deterrence under the circumstances.

A reduced sentence would also fail to provide sufficient punishment. While the Court was inclined to consider a variance above the guideline range, it did not do so at the time of sentencing hearing. [*See* Record No. 721, p. 66–67.] However, many of the same factors warranting consideration of increasing the term of imprisonment prevent a reduction from the sentence imposed. [Record No. 721, pp. 64–69] Again it bears repeating that Branham played a significant and sophisticated role in a large drug distribution scheme. His role, particularly considering his lack of drug use, indicates some likelihood that that Branham will return to criminal activity when released. Branham's success with the drug treatment[2]

---

2   Branham did not have a history of substance abuse before incarceration, and denied needing substance abuse treatment before the sentencing hearing. Thus, it is unclear what, if any, benefit he

-5-

and other available programs does not convinced the Court that he will not present a danger of re-offending when released. The danger to the community weighs against reducing Branham's sentence by even one day. The Court has also considered the high costs of incarceration but finds that the expenses which would be saved by reducing the defendant's sentence does not outweigh the other factors outlined above.

Accordingly, for the foregoing reasons, it is hereby

**ORDERED** that Terry Branham's motion [Record No. 809] to reduce his sentence is **DENIED**.

This 26th day of August, 2015.

Signed By:
*Danny C. Reeves* DCR
United States District Judge

---

received from completing drug counseling treatment during his incarceration. [*See* Record No. 582, pp. 31–32]